| | AUSA: | Paul Kuebler | Telephone: (313) 226-9641 |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Daniel Ziehmer | Telephone: (313) 226-5310 |

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>Vaibhav SAXENA | Case No. 26-mj-30231 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 23, 2026 _____ in the county of _____ St. Clair _____ in the _____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554(a) | knowingly exported or sent, from the United States, or attempted to export or send from the United States any merchandise, article or object |
| 18 U.S.C. § 1001(a)(2) | willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation to Customs and Border Protection |
| 21 U.S.C. § 841(a)(1) | possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Daniel Ziehmer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:  April 24, 2026

_____
*Judge's signature*

City and state:  Detroit, MI

Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Daniel Ziehmer, being sworn, depose and state the following:

1.      I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have served with HSI since November 2022. I am currently assigned to the Port Huron Border Enforcement Security Team, which conducts investigations of crimes involving narcotics, smuggling, firearms, and immigration enforcement. Prior to my employment with HSI, I worked as a United States Probation Officer for the United States Courts from 2014 to 2022.

2.      I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center. I received a Bachelor's Degree in Criminal Justice from Michigan State University, East Lansing, Michigan in 2004.

3.      I have also had the opportunity to work with several other HSI agents and other law enforcement agents and officers of varying experience levels, who have investigated narcotics smuggling networks. My investigative experience, my training, and the experience of other law enforcement agents in this investigation serve as the basis for the opinions and conclusions set forth herein.

4.      This affidavit is submitted for the limited purpose of establishing probable cause that Vaibhav SAXENA, a native of India and citizen of Canada,

1

violated Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, Title 18, United States Code, Section 1001(a)(2), False Statement or Representation, and Possession with Intent to Distribute a Controlled Substance, Title 21, United States Code, Section 841(a)(1).

5.     The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and a review of documents and records. I have not included every fact known to law enforcement related to this investigation.

## PROBABLE CAUSE

6.     Vaibhav SAXENA is a citizen of Canada who resides in Brampton, ON L7A4T1. In January 2026, HSTF North received information of possible smuggling activity at the Mobil Gas Station at 1475 Wadhams Road, St. Clair, MI 48079 (Mobil Gas Station).  Subsequent investigation revealed that on several occasions (January 28, March 16, and March 21, 2026) a Canadian plated commercial vehicle, bearing Ontario plate PA83253 (CV) and operated by Vaibhav SAXENA, met with a Michigan plated passenger vehicle.

7.     A review of security video during those events revealed SAXENA arriving at the Mobil Gas Station operating the CV.  Shortly after, SAXENA is observed being picked up by a Michigan plated passenger vehicle and leaving the

2

location.  Upon return, SAXENA is observed transferring multiple large boxes from the Michigan plated vehicle to his CV.  The CV then departs the United States at the Blue Water Bridge Port of Entry (POE) after each incident based on law enforcement records.

8.      On April 18, 2026, SAXENA crossed into the United States through the Ambassador Bridge POE operating the CV.  On April 23, 2026, commercially available license plate readers indicated the CV was traveling toward the St. Clair County area.  At approximately 4:30 p.m., agents observed the CV park at the Mobil Gas Station. Shortly after, a red Ford Escape, bearing Michigan plate 5MHT11, arrived and SAXENA got into the passenger seat.

9.      The Escape was surveilled to a Walgreens parking lot located at 1617 10th Street, Port Huron, Michigan. While at Walgreens, SAXENA was observed entering the store twice and exiting with a large box each time.  SAXENA was observed loading both boxes into the trunk of the Escape.  Agents later confirmed that this Walgreens location has a FedEx pick-up location inside.

10.     Upon leaving Walgreens, agents surveilled the Escape back to the Mobil Gas Station.  SAXENA then returned to his CV and the Escape immediately departed the parking lot. After a few minutes, SAXENA left the parking lot in the CV and began to travel eastbound on I-94.

3

11.     SAXENA was followed by agents to the Blue Water Bridge POE. During an outbound inspection conducted by U.S. Customs and Border Protection Officers, SAXENA denied transporting any other items other than what was manifested cargo. SAXENA stated that he did not have any drugs in the vehicle and that he did not make any stops on his way to the Blue Water Bridge. CBPO's inspected the cabin of the CV and discovered the two large cardboard boxes containing suspected dried opium poppy pods. A picture of one of the boxes is shown below:

4



12.     A CBPO K9 also alerted to the odor of narcotics in the cab of the CV. The suspected dried opium poppy pods field tested positive for morphine using a field test kit. The total weight of the suspected dried opium poppy pods was 20.21 kilograms. Morphine is a Schedule II controlled substance under the U.S. Controlled Substances Act and a Schedule I controlled substance under the Canadian Controlled Drugs and Substances Act.

13.     During a subsequent interview conducted by HSI agents, SAXENA admitted to picking up two cardboard boxes containing "tea leaves" from the Walgreens in Port Huron. SAXENA stated he placed the boxes in his CV and attempted to circumvent paying duty on the contents of the boxes.  SAXENA further admitted that he has been doing the same routine for the last seven to eight months and completed numerous similar events without detection from authorities. SAXENA acknowledged several times during the interview that he "knew this day would come."

14.     A review of shipment records revealed that from July of 2025, SAXENA has received 34 other similar packages from Spain to an address in Port Huron, Michigan.

## **CONCLUSION**

15.     Based on the above information, I believe there is probable cause to conclude that Vaibhav SAXENA fraudulently or knowingly exported or sent, from the United States, or attempted to export or send from the United States any merchandise, article or object, to wit: dried opium poppy pods (or received, concealed, bought, sold, or in any manner facilitated the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation),  contrary to any law or regulation of the United States, in violation of 18 U.S.C. § 554(a), willfully and

knowingly made a materially false, fictitious, and fraudulent statement and representation to Customs and Border Protection about his export declarations to unlawfully smuggle dried opium poppy pods from the United States, in violation of 18 U.S.C. § 1001(a)(2), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

 

_____
Daniel Ziehmer, Special Agent
Immigration & Customs Enforcement
Homeland Security Investigations

Subscribed and sworn to before me
or by other reliable means

_____
Honorable Anthony P. Patti
United States Magistrate Judge

Date:  April 24, 2026

7